## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TRACY TISDOL,<br><br>                          Petitioner,<br><br>          v.<br><br>BRUCE DAVIS AND THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,<br><br>                          Respondents. | Civil Action No. 23-1061 (JXN)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**NEALS**, District Judge

Petitioner Tracy Tisdol ("Petitioner") is a prisoner currently confined at New Jersey State Prison in Newark, New Jersey. Petitioner is proceeding *pro se* with his petition for writ of habeas corpus ("Petition") filed pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Presently before the Court is Respondents' motion for stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). (ECF No. 10.) For the reasons stated herein, Respondents' unopposed motion for stay and abeyance is **GRANTED**.

On February 2, 2023, Petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) Following an Order to Answer (ECF No. 4), Respondents filed an answer to the Petition on August 28, 2023. (ECF No. 9.) On April 9, 2024, Respondents filed the instant motion for stay and abeyance, submitting that on February 9, 2024, Petitioner filed a motion for post-conviction relief in the Superior Court of New Jersey. (ECF No. 10.) On June 11, 2024, the Court filed an Order providing Petitioner with thirty (30) days to submit either (1) a reply to Respondents' motion for a stay and abeyance or (2) a letter informing the Court that he does not wish to file a reply. (ECF

No. 12.) The Court further ordered that if Petitioner failed to submit either, the Court may address Respondents' motion for stay and abeyance as unopposed. (*See id.*) Petitioner has chosen not to file any response to the Court's Order.

Under the Antiterrorism Effective Death Penalty Act ("AEDPA"), this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Toulson v. Beyer*, 987 F.2d 984, 986-87 (3d Cir. 1993). A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction relief proceedings. *See*, *e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (announcing the rule "requiring state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State").

Recognizing the complexities that face prisoners who must exhaust state remedies while complying with the one-year statute of limitations period for § 2254 habeas petitions as set out in § 2244(d)(1), the Third Circuit has held that "[s]taying a habeas petition pending exhaustion of state remedies is a permissible way to avoid barring from federal court a petitioner who timely files a mixed petition [containing both exhausted and unexhausted claims]." *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004). Indeed, the Third Circuit has stated that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Id.* at 154. The United States Supreme Court has held that a stay is "only appropriate" where the district court determines the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner

engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78. A petitioner bears the burden of showing that he is entitled to a stay. *See Urcinoli v. Cathel*, 546 F.3d 269, 275 n.8 (3d Cir. 2008).

As explained above, Respondents submit that Petitioner currently has a pending petition for post-conviction relief in state court.

The Court is unable to conclusively determine if there is good cause for Petitioner's failure to have exhausted his claims. The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. *See Cranberry v. Greer*, 481 U.S. 129 (1987); *Rose v. Lundy*, 455 U.S. 509, 516-18 (1982). Exhaustion also has the practical effect of permitting the development of a complete factual record in state court, to aid the federal courts in their review. *See Rose*, 455 U.S. at 519. In light of the limitations imposed by § 2254 and to conserve judicial resources, the Court finds it prudent to stay the federal habeas action while Petitioner is pursuing his state court remedies. As such, the Court finds that a stay is warranted, while Petitioner provides the state court with an opportunity to review his federal constitutional claims. For the reasons stated herein and for good cause shown:

**IT IS** on this 25th day of July 2024,

**ORDERED** that Respondents' Motion to Stay (ECF No. 10) is **GRANTED**; it is further

**ORDERED** that Petitioner may file a request to reopen this action within thirty (30) days after exhaustion of his state law claims; it is further

**ORDERED** that, if Petitioner should fail to comply with the deadlines set forth in this Order, this Court may vacate this Order *nunc pro tunc* and dismiss all unexhausted claims without further notice; it is further

**ORDERED** that nothing in this Order shall be construed as a finding as to the timeliness of any additional claims that may be asserted in any future petition or amended petition, *see Mayle v. Felix*, 545 U.S. 644 (2004); it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Order upon Petitioner by regular U.S. mail; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this action.

**JULIEN XAVIER NEALS**
**United States District Judge**

4